IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO CATALINO MYRIE, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 21-CV-0394-JFH-CDL |
| SCOTT CROW, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Antonio Catalino Myrie, Jr., a state inmate appearing *pro se*,[1] brings this federal habeas action to collaterally attack the judgments entered against him in the District Court of Tulsa County, Case Nos. CF-2008-6029 and CF-2008-6224, through a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Dkt. No. 1. Before the Court is Respondent Scott Crow's Pre-Answer Motion to Dismiss Time-Barred Petition, or in the alternative, for Failure to Exhaust Necessary State Remedies ("Motion"). Dkt. No. 6. Crow filed a Brief in Support of Pre-Answer Motion to Dismiss Time-Barred Petition, or in the alternative, for Failure to Exhaust Necessary State Remedies ("Brief") [Dkt. No. 7], and Myrie filed a Pre-Answer Motion to Respond to Respondent's Claims that Petitioner Should Be Time-Barred and/or Claims Are Unexhausted ("Response") [Dkt. No. 8]. For the reasons that follow, the Court grants Crow's motion and dismisses the Petition, with prejudice, as barred by the one-year statute of

---

[1] Because Myrie appears without counsel, the Court liberally construes his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as Myrie's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

limitations.[2]

## I.

In November 2009, a jury trial was held in the District Court of Tulsa County as to seven charges filed against Myrie in two separate cases, Case No. CF-2008-6029 and CF-2008-6224. Dkt. No. 7-2 at 13.[3] The jury found Myrie guilty as to five counts of knowingly concealing stolen property, all after former conviction of two or more felonies (counts one through five), first-degree arson (count six), and second-degree burglary, after former conviction of two or more felonies (count seven). *Id.* The trial court sentenced Myrie to 30 years' imprisonment as to each conviction in counts one through five, life imprisonment as to count six, and life imprisonment as to count seven. *Id.* at 19. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") determined that the trial court should have tried each case separately and thus reversed and remanded for further proceedings in each case. Dkt. No. 7-7 at 2-3.

### A.     Case No. CF-2008-6029

Following the OCCA's remand, Case No. CF-2008-6029 was tried to a jury in October 2012. Dkt. No. 7-2 at 31. The jury acquitted Myrie as to three counts of knowingly concealing stolen property (counts one, four and five) and found him guilty as to two counts of knowingly concealing stolen property (counts two and three). *Id.* at 31. At Myrie's sentencing hearing, the trial court granted Myrie's motion for new trial, overturned the jury's verdicts as to counts two and three, and set the matter for a third trial. *Id.* at 33. Myrie waived his right to a jury trial and pleaded guilty as to counts two and three on February 25, 2013. *Id.* at 35. That same day, the trial court

---

[2]  For the reasons further discussed below, the statute of limitations constitutes a clear procedural bar to habeas relief. The Court therefore finds it unnecessary to consider Crow's alternative request to dismiss the Petition for failure to exhaust available state remedies.

[3]  For consistency, the Court's citations refer to the CM/ECF header pagination.

sentenced Myrie to serve 20 years' imprisonment as to each count and ordered the sentences to be served concurrently with each other and with the sentence imposed in Case No. CF-2008-6224. *Id.* Myrie did not move to withdraw his plea or file a certiorari appeal in the OCCA to obtain direct review of his convictions in Case No. CF-2008-6029. *Id.* at 35-38.

Myrie filed an application for postconviction relief on May 10, 2021. *Id.* at 38. The trial court denied that application on August 27, 2021. *Id.* at 39. Myrie did not file a postconviction appeal in the OCCA. *Id.*

**B.      Case No. CF-2008-6224**

In October 2011, following the OCCA's remand, the trial court reopened Case No. CF-2008-6224 and set the matter for jury trial. *See* Docket Sheet, *Myrie v. State*, No. CF-2008-6224, https://www.oscn.net/dockets/GetCaseInformation.aspx?ct=Tulsa&number=CF-2008-6224, last visited May 19, 2002.[4] On January 25, 2013, the jury acquitted Myrie as to the charge of first-degree arson and found him guilty as to the charge of second-degree burglary. *Id.* On February 4, 2013, the trial court ordered Myrie to serve 35 years' imprisonment and to pay a $10,000 fine. *Id.* Myrie filed a direct appeal. Dkt. No. 7-1 at 1. In an unpublished opinion filed May 7, 2014, in Case No. F-2013-137, the OCCA affirmed Myrie's conviction and prison sentence but vacated the $10,000 fine. *Id.* at 6. Myrie did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Dkt. No. 1 at 4.

Myrie filed an application for postconviction relief on May 10, 2021. *See* Docket Sheet, *Myrie v. State*, No. CF-2008-6224, https://www.oscn.net/dockets/GetCaseInformation.aspx?ct

---

[4] Crow submitted a state-court docket sheet only for Case No. CF-2008-6069. Dkt. No. 7-2. However, the timeline in Crow's Brief focuses on events that occurred in Case No. CF-2008-6224. Dkt. No. 7 at 2-3. The Court thus takes judicial notice of the docket sheet in Case No. CF-2008-6224 which is available to the public through the Oklahoma State Courts Network (oscn.net).

=Tulsa&number=CF-2008-6224, last visited May 19, 2022. The trial court denied the application on August 27, 2021. *Id.* Myrie did not file a postconviction appeal. *Id.*

**II.**

Myrie filed the instant Petition in September 2021. He seeks federal habeas relief on three grounds related to the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). There, the Supreme Court held that the Muscogee (Creek) Nation Reservation has never been disestablished by Congress and, consequently, that certain crimes committed by or against Native Americans within the boundaries of that reservation must be tried in federal court under the Major Crimes Act, 18 U.S.C. § 1151 et seq., rather than in state court. *McGirt*, 140 S. Ct. at 2474, 2479.

First, relying on *McGirt* and treaties discussed therein, Myrie claims the Tulsa County District Court lacked subject-matter jurisdiction over his criminal prosecution because he committed his crimes of conviction within the boundaries of the Muscogee (Creek) Nation Reservation. [Dkt. No. 1, at 6.] Second, Myrie claims the district attorney "withheld exculpatory evidence in regard to State lacking subject-matter jurisdiction." Dkt. No. 1 at 8. He alleges the State knew for decades that it lacked jurisdiction over crimes committed within the boundaries of the Muscogee (Creek) Nation Reservation but "took no action to transfer jurisdiction to the tribes." *Id.* Third, Myrie claims the OCCA's decision in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v. Oklahoma*, 142 S. Ct. 757 (Jan. 10, 2022), "goes against [his] constitutional right to due process."[5] *Id.* at 9. In support of this third claim, he also alleges he was not provided an opportunity to present proof of his Indian status. *Id.*

---

[5] In *Wallace*, the OCCA determined that *McGirt* announced a new rule of criminal procedure and thus held that *McGirt* does not apply retroactively to convictions that were final as of July 9, 2020, the date of the *McGirt* decision. *Wallace*, 497 P.3d at 691-94.

4

at 9-10.

### III.

Crow moves to dismiss the Petition, in part, because Myrie did not file it within the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1). Dkt. Nos. 6, 7. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four dates to file a federal habeas petition challenging the validity of their custody under a state-court judgment. 28 U.S.C. § 2244(d)(1). For most prisoners, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under some circumstances, a prisoner may be able to demonstrate that the one-year limitation period commenced on a later date. *Id.* § 2244(d)(1)(B), (C), (D). Regardless of which provision governs the commencement date, the one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). But the statutory tolling provision applies only if the prisoner properly files an application for postconviction relief or other collateral review in state court within the applicable one-year limitation period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In rare circumstances, a federal habeas court may toll the one-year limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

The Court agrees with Crow that Myrie's attempt to challenge to either state-court judgment identified in the Petition is untimely and that the Petition should be dismissed.

**A.    The Petition is Untimely Under § 2244(d)(1)(A).**

The Petition is untimely under § 2244(d)(1)(A) as to both judgments Myrie seeks to

challenge. In Case No. CF-2008-6029, Myrie's judgment became final on March 7, 2013, when the time expired for him to file a motion to withdraw his plea, as that is a first and necessary step in seeking direct review following conviction upon a guilty plea. *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing Oklahoma law). His one-year limitation period for filing a federal habeas petition commenced the next day, March 8, 2013, and, absent any tolling events, expired on March 10, 2014.[6] *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing computation of one-year limitation period). Myrie's May 2021 application for postconviction relief was filed too late to toll the limitation period. *Clark*, 468 F.3d at 714. And equitable tolling is not warranted because Myrie has not identified any extraordinary circumstances that prevented him from filing a timely petition. *Gibson*, 232 F.3d at 808. As a result, and to the extent Myrie challenges the judgment entered against him in Case No. CF-2008-6029, the Petition, filed in September 2021, is barred by the statute of limitations.

In Case No. CF-2008-6224, because he filed a direct appeal following his conviction, Myrie's judgment became final on August 5, 2014, when the 90-day period expired for seeking further direct review through a petition for writ of certiorari filed in the Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). His one-year limitation period commenced the next day, August 6, 2014, and absent any tolling events, expired on August 6, 2015. *Harris*, 642 F.3d at 906 n.6. Myrie's application for postconviction relief, filed in May 2021, had no tolling effect because he filed the application after the limitation period expired, *Clark*, 468 F.3d at 714, and nothing in the record supports equitable tolling, *Gibson*, 232 F.3d at 808. As a result, and to the extent Myrie challenges the judgment entered

---

[6] This limitation period would have expired on March 8, 2014, a Saturday. Myrie thus had until the following Monday, March 10, 2014, to file a timely federal habeas petition. Fed. R. Civ. P. 6(a)(1)(C).

against him in Case No. CF-2008-6224, the Petition, filed in September 2021, is barred by the statute of limitations.

**B.      Myrie's Arguments Against Dismissal are not Persuasive.**

Myrie's primary argument against dismissal appears to be that the statute of limitations should not apply because he brings this action to challenge the trial court's alleged lack of jurisdiction over his prosecution. Dkt. No. 1 at 15; Dkt. No. 8 at 1-5. But, as this Court has previously explained, "the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction." *Cole v. Pettigrew*, Case No. 20-CV-0459-JED-CDL, 2021 WL 1535364, at *2 n.4 (N.D. Okla. Apr. 19, 2021) (unpublished).[7] *See also Rowbotham v. Nunn*, Case No. 22-CV-0011-JFH-SH, 2022 WL 1523195, at *2 (N.D. Okla. May 13, 2022) (unpublished) (acknowledging that "[a] claim that the convicting court lacked subject-matter jurisdiction presents a cognizable federal habeas claim, whether it is viewed as a claim alleging a due process violation, *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008), or as a claim alleging a violation of 'laws or treaties of the United States,' 28 U.S.C. § 2254(a),'" but also recognizing that "Congress did not create, and *McGirt* did not suggest that there would be, an exception to the one-year statute of limitations for claims alleging an absence of jurisdiction in the convicting court"). Thus, contrary to Myrie's apparent position, the statute of limitations applies and the facts of this case support Crow's request to dismiss the Petition as untimely under § 2244(d)(1)(A).

Myrie also appears to argue that the Petition should be deemed timely because he could not raise his claims challenging the trial court's lack of jurisdiction until the Supreme Court issued

---

[7] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

7

its decision in *McGirt*. Dkt. No. 1 at 7-8. However, in his Response, Myrie appears to assert that his jurisdictional challenges do not rely on *McGirt* because the *McGirt* Court said nothing "new" about the allocation of jurisdiction between states and the federal government under the Major Crimes Act. Dkt. No. 8 at 1. Myrie's argument on this point is not entirely clear. However, to the extent he suggests that he had one year from the date of the *McGirt* decision to file a timely federal habeas petition, he is incorrect. *See, e.g.*, *Rowbotham*, 2022 WL 1523195, at *2 (gathering cases and explaining that *McGirt* did not trigger a new one-year limitation period for Indian-country jurisdictional claims under either § 2244(d)(1)(C) or § 2244(d)(1)(D)).

Finally, Myrie appears to argue that he could not have raised his third claim, alleging that the OCCA's decision in *Wallace* violates his right to due process, until after *Wallace* was decided and the state district court applied its holding to deny his application for postconviction relief. Dkt. No. 1 at 9-10. Critically though, Myrie's third claim does not present a cognizable habeas claim because it "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). Myrie's concerns about the constitutionality of *Wallace* thus cannot render the Petition timely.

**IV.**

Based on the foregoing, the Court concludes that the Petition is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. The Court therefore GRANTS Crow's Motion and DISMISSES the Petition, with prejudice. Further, the Court concludes that no reasonable jurists would debate the procedural dismissal of the Petition and thus DENIES a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

THEREFORE, IT IS HEREBY ORDERED that:

1. Crow's Motion [Dkt. No. 6] is GRANTED.

2. Myrie's Petition [Dkt. No. 1] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

3. A certificate of appealability is DENIED.

4. A separate judgment shall be entered in this matter.

Dated this 23rd day of May 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE